Marsha J. **BENDER**, Plaintiff— Appellant,

v.

**FRED MEYER STORES, INC.,** Defendant—Appellee.

No. 01–35929.

D.C. No. CV–01–00468–HA.

United States Court of Appeals, Ninth Circuit.

---

Ayala–Sanabria's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

Submitted May 13, 2002.*

Decided May 29, 2002.

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM **

Marsha Bender appeals the district court's order dismissing her state law claims against Fred Meyer Stores, Inc., as preempted by Section 301 of the Labor Management Relations Act ("LMRA") and denying her motion to remand the action to state court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Audette v. ILWU*, 195 F.3d 1107, 1110 (9th Cir.1999) (preemption); *ARCO Envtl. Remediation v. Dep't of Health and Envtl. Quality, Mont.*, 213 F.3d 1108, 1111 (9th Cir.2000) (denial of remand). We affirm.

Bender filed a state action under the Oregon labor code alleging the defendant failed to timely issue her final paycheck and therefore owed her a penalty. *See* OR. REV. STAT. §§ 652.140 & 652.150. Defendant removed the action to federal court claiming preemption, and Bender moved to remand.

The statute upon which Bender based her state action provides: "This section does not apply to employment for which a collective bargaining agreement otherwise provides for the payment of wages upon termination of employment." OR. REV. STAT. § 652.140. Bender's employment was governed by a collective bargaining agreement that contained a different provision for payment of wages upon termination. Therefore, by its own terms the Oregon statute does not apply to Bender and the district court properly concluded that Bender's action is preempted by the LMRA and should not be remanded to state court. *See Caterpillar v. Williams*, 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (Section 301 preempts "claims founded directly on rights created by collective bargaining agreements").

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, the parties' requests for oral argument are denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

